IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

TOTAL MERCHANT SERVICES, INC.,
    Plaintiff,

v.

BLU ENTERTAINMENT GROUP LLC,
*et al*,
    Defendants.

Case No. 1:15-cv-01327-JES-JEH

### Order

    The Plaintiff's Complaint (Doc. 1) asserts diversity of citizenship as the basis of the Court's subject matter jurisdiction. The allegations of the Complaint do not sufficiently support that assertion.

    The Complaint alleges the following information about the parties. The Plaintiff is a Nevada corporation with a principal place of business in Woodland Hills, California. Defendant Mark Rhinehart is a resident of McLean County, Illinois. Defendant Erik Nelson is a resident of Woodford County, Illinois. Defendant Brad Maloney, upon information and belief, is a resident of Tazewell County, Illinois. For the time period of the events set forth in the Complaint, Defendant Blu Entertainment Group, LLC was and is an Illinois Limited Liability Company authorized to do and having done business in Peoria County, Illinois. For the time period of the events set forth in the Complaint, Defendant Countrylife Music Festival, LLC was an Illinois Limited Liability Company authorized to do and having done business in Peoria County, Illinois. For the time period of the events set forth in the Complaint, and up to the date of the filing of the Complaint, Defendants Rhinehart, Nelson, and Maloney were members of Countrylife.

    First, asserting jurisdiction on the basis of "information and belief" is insufficient to invoke diversity jurisdiction. *America's Best Inns, Inc v Best Inns of Abilene, LP*, 980 F2d 1072, 1074 (7th Cir 1992) ("to the best of my knowledge and belief" is insufficient to

invoke diversity jurisdiction); *Page v Wright*, 116 F2d 449, 451 (7th Cir 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief).

Second, the citizenship of an individual is based upon domicile, not on residence. *Guaranty National Title Company, Inc v JEG Associates*, 101 F3d 57, 59 (7th Cir 1996).

Finally, citizenship for diversity purposes of a limited liability company is the citizenship of each of its members. *Wise v Wachovia Securities, LLC*, 450 F3d 265, 267 (7th Cir 2006). Thus, the Court must know the identity of each member of Defendant Blu Entertainment Group, LLC, as well as each member's citizenship. *Hicklin Engineering, LC v Bartell*, 439 F3d 346, 348 (7th Cir 2006). If applicable, the Court must also know each member's members' citizenship. Id.[1]

Accordingly, the Plaintiff is directed to file an amended complaint that adequately alleges the factual basis for this Court's jurisdiction. The amended complaint shall be filed within 14 days of this date.

*It is so ordered.*

Entered on August 11, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

---

[1] Though the Complaint alleges that Defendants Rhinehart, Nelson, and Maloney were members of Countrylife for the time period of the events set forth in the Complaint and up to the date of the filing of the Complaint, it is unclear whether they were the *only* members of Countrylife. If they are not, the Court must know the identity of each additional member, each additional member's citizenship, and if applicable, each additional member's members' citizenship.